UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Scott Anthony Ford

         v.                                    Civil No. 06-cv-341-PB

Warden, New Hampshire State Prison[1]

**O R D E R**

Scott Ford has filed a petition for a writ of habeas corpus,

---

[1]According to Rule 2 of the Rules Governing § 2254 Cases in the United States District Courts:

> (a) If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.

> (b) If the petitioner is not yet in custody--but may be subject to future custody--under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered. . . .

The petition is not clear as to whether Ford is currently serving his New Hampshire sentence in a Rhode Island facility, or whether he will serve his New Hampshire sentence at some time in the future, after he has completed prison time imposed in other jurisdictions.  For purposes of preliminary review, however, I will allow the petition to proceed in this Court and construe the petition as naming both the prison officer in charge of the Rhode Island facility where Ford is currently incarcerated and the Attorney General of the State of New Hampshire.  See Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 500 (1973) (holding that petitioner's incarceration in another state does not deprive a District Court of jurisdiction where the District Court has personal jurisdiction over the respondent).  The Clerk's Office is directed to amend the docket information in this case to reflect the proper respondent to this action.

pursuant to 28 U.S.C. § 2254, challenging his New Hampshire criminal conviction and sentence (document no. 1).  The petition is before me for preliminary review.  <u>See</u> Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("§ 2254 Rules") (requiring initial review to determine whether the petition is facially valid); <u>see</u> <u>also</u> United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to preliminarily review pro se pleadings).  As discussed herein, I find that the petition does not at this time make a facially sufficient showing that Ford is entitled to relief.  I order, therefore, that Ford amend his petition to demonstrate that each of the claims therein has been properly exhausted and that this petition is timely filed.

<u>Standard of Review</u>

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR 4.3(d)(2).  In conducting the preliminary review, the Court construes pro se pleadings liberally.  <u>See</u> <u>Ayala Serrano v. Lebron Gonzales</u>, 909 F.2d 8, 15 (1st Cir. 1990) (following

2

<u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  <u>Ahmed v. Rosenblatt</u>, 118 F.3d 886, 890 (1st Cir. 1997), <u>cert. denied</u>, <u>Ahmed v. Greenwood</u>, 522 U.S. 1148 (1998).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true.  <u>See Aulson v. Blanchard</u>, 83 F.3d 1, 3 (1st Cir. 1996) (stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true).  This review ensures that pro se pleadings are given fair and meaningful consideration.  <u>See Eveland v. Dir. of C.I.A.</u>, 843 F.2d 46, 49 (1st Cir. 1988).

<u>Background</u>

Scott Ford was charged with two sets of criminal offenses in the Rockingham County Superior Court in the mid-1990s.  In one set of offenses, Ford was charged with robbery and theft.  Prior to facing the New Hampshire charges, while incarcerated in Maine,

3

Ford filed a request under New Hampshire's Interstate Agreement on Detainers ("IAD"), N.H. Rev. Stat. Ann. ("RSA") 606-A:1, et seq., that he be brought to New Hampshire for trial on the robbery and theft charges under the provisions of the IAD.  Once he arrived in New Hampshire, Ford was charged with a second separate set of theft offenses not having anything to do with the original robbery and theft charges.  Ford alleges that because he was charged with five additional felonies upon his arrival in New Hampshire, he was forced to continue his trial in the first matter for more than 400 days, well beyond the 120-day deadline prescribed by Article IV(c) of the IAD to bring a detainee to trial.  Ford claims that his trial attorney failed to notice that the IAD had been violated and therefore never sought to dismiss the case against Ford on that basis, relief that the statute allows in some circumstances for a violation of the 120-day deadline.  See RSA 606-A:1, Art. V(c).  Ford now alleges that he is entitled to habeas relief on the basis of (1) the violation of his right to a trial within 120 days under the IAD, and (2) the ineffective assistance of his trial counsel for not pressing his rights under the IAD.

4

After a jury trial, Ford was sentenced on June 12, 1997, to 15 – 30 years in prison pursuant to the robbery and theft convictions.  Ford subsequently appealed his conviction to the New Hampshire Supreme Court.  That court affirmed his conviction in 1999.  See State v. Ford, 144 N.H. 57 (1999).

Ford alleges that he filed post-conviction motions seeking relief on the basis of ineffective assistance of trial counsel and a violation of the speedy trial provisions of the IAD.  Those motions were denied in March of 2006.  Ford filed a notice of appeal in the New Hampshire Supreme Court in April of 2006.  On June 8, 2006, the New Hampshire Supreme Court declined to accept Ford's appeal.  This petition followed.

Discussion

1.   Custody and Exhaustion

To be eligible for habeas relief, Ford must show that he is both in custody and has exhausted all state court remedies or that he is excused from exhausting those remedies because of an absence of available or effective state corrective process.  See 28 U.S.C. § 2241 and § 2254(a) & (b); see Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 489-92 (1973); Benson v. Super. Ct. Dep't of Trial Ct. of Mass., 663 F.2d 355, 358-59 (1st Cir.

1981).  Ford satisfies the first requirement as he is currently
incarcerated.  However, the petition does not establish
satisfaction of the exhaustion requirement.

A petitioner's remedies in New Hampshire are exhausted when
the State's highest court has had an opportunity to rule on the
petitioner's federal constitutional claims.  See Lanigan v.
Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S.
1007 (1989) ("habeas corpus petitioner must have presented the
substance of his federal constitutional claim to the state
appellate courts so that the state had the first chance to
correct the claimed constitutional error"); see also Picard v.
Connor, 404 U.S. 270, 275 (1971) (requiring petitioner to have
fairly presented the federal nature of his claims to the state
courts to give them the first opportunity to remedy the claimed
constitutional error).

Ford has alleged that he brought these issues to the state
trial and appellate courts in his post-conviction litigation.
However, Ford has not provided this Court with any of the
motions, notices of appeal or other pleadings brought in the
state courts which demonstrate that any of his claims, or the
federal nature of any of his claims, have been fairly presented

to, and thereby exhausted in, the state courts.  In order to
demonstrate exhaustion of his claims, including the federal
nature of the claims, Ford must submit to this Court copies of
all of his pleadings presented to the state courts regarding the
ineffective assistance and IAD claims raised in this petition, so
that this Court can determine whether or not the state courts
have been given a fair opportunity to rule on the claims raised
here, including the federal nature of those claims, to allow this
action to proceed.

2.   Timeliness of the Petition[2]

The Antiterrorism and Effective Death Penalty Act of 1996
(AEDPA), 28 U.S.C. § 2244 sets a one-year limitations period for
federal habeas petitions by state prisoners.  28 U.S.C. §
2244(d)(1).  AEDPA's one-year limit runs from the time that the
state court judgment of conviction becomes final by the
conclusion of direct review or the expiration of the time for
seeking direct review.  28 U.S.C. § 2244(d)(1)(A).

---

[2]This Court is permitted, but not obliged, to consider, sua
sponte, the timeliness of a state prisoner's habeas petition.
Day v. McDonough, 126 S.Ct. 1675, 1684 (2006).  Given the length
of time that has passed since the apparent expiration of the
limitations period in this case, it is in the interests of
justice and judicial economy to resolve the issue of the
petition's timeliness at preliminary review if possible.

Statutory exceptions to the one-year limitations period exist where an untimely filing was caused by the state, new constitutional rights created by the Supreme Court, or newly discovered facts underpinning the claim.  David v. Hall, 318 F.3d 343, 344 (1st Cir.), cert. denied, 540 U.S. 815 (2003); 28 U.S.C. § 2244(d)(1)(B)-(D).  The AEDPA further excludes from the one-year limitations period "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . ..."  28 U.S.C. § 2244(d)(2).  While the limitations period is stopped from running during the pendency of properly filed post-conviction state court litigation, it is not reset or restarted by post-conviction litigation initiated after the AEDPA limitations period has expired.  Cordle v. Guarino, 428 F.3d 46, 48 n.4 (1st Cir. 2005).

Additionally, the First Circuit has stated that equitable tolling of the AEDPA's limitations period is available only in extraordinary circumstances.  Cordle, 428 F.3d at 48 (citing Delaney v. Matesanz, 264 F.3d 7, 14 (1st Cir. 2001)).  Equitable tolling is reserved for cases in which circumstances beyond the petitioner's control prevented prompt filing of the petition.

Cordle, 428 F.3d at 48 (citing Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir. 2002)).

As previously noted, Ford's direct appeal was denied on July 21, 1999.  His conviction became final ninety days thereafter on October 19, 1999.  See id. at 48 (citing Neverson v. Farquharson, 366 F.3d 32, 42 (1st Cir. 2004) (stating that a defendant's conviction became final when the ninety day period for seeking certiorari expired)).  Ford commenced this action on September 11, 2006, almost seven years later.  During that time, Ford sought post-conviction relief in the state courts.  Although Ford has not stated when he commenced his post-appeal litigation in the state courts, he has advised the court that those motions were decided in the trial court in March 2006 and in the appellate court in June 2006.  The petition is also silent as to whether or not Ford had any properly filed motions pending in the state court for the time between October 19, 1999 and the commencement of his post-conviction litigation.  If, between the onset of the limitations period and the filing of his post-conviction motion for relief, more than 365 days passed, during which there was no properly filed action pending in the state

courts seeking relief from Ford's conviction and sentence, the
statutory limitations period has expired.

Ford argues that he should be exempted from having to file
within the limitations period because he was incarcerated out-of-
state in an institution that did not provide him with access to
New Hampshire legal materials.  It is not clear what New
Hampshire legal materials Ford needed to file an action alleging
a violation of his federal constitutional or statutory rights.
Ford further argues that his former defense attorney neglected to
provide him with copies of documents that would have permitted
him to seek state court post-conviction relief sooner.  While, as
previously noted, the one year limitations may be equitably
tolled, see Cordle, 428 F.3d at 48, it is available only for
extraordinary circumstances.  Ordinarily, attorneys' excusable
neglect is not grounds for tolling the limitations period.  See
id. at 48-49.  This is particularly true where the attorney's
errors do not account for a lack of diligence on the part of
petitioner to file his federal habeas action within the one year
limitations period.  See id. at 48.  While Ford asserts that he
has diligently pursued his claims, he has not yet provided this
Court with enough information to allow the Court to determine

that he was unable to file this action at any time during the seven years since the limitations period began to run.

The information currently included in Ford's petition does not allow me to conclusively determine whether or not the limitations period in this case has expired.  Accordingly, Ford is ordered to amend his complaint within thirty days to demonstrate whether this petition was timely filed under the limitations of AEDPA.  Absent additional information provided by Ford in his amended petition, I cannot find that the reasons he provides for not filing sooner demonstrate extraordinary circumstances sufficient to toll the limitations period for more than six years.

<u>Conclusion</u>

Ford is ordered to amend his petition within thirty days of the date of this Order to demonstrate that he has already exhausted all of his claims, including the federal nature of the claims, in the state courts by filing pleadings and orders relevant to exhaustion.  If Ford fails to demonstrate exhaustion or timeliness as directed, I will recommend that his petition be dismissed.[3]

---

[3]If this petition were to be dismissed for failing to demonstrate exhaustion, the dismissal would be without prejudice

Further, Ford is ordered to provide this Court with the precise dates during which he had any litigation concerning this conviction and sentence pending in the state courts after his conviction was made final on October 19, 1999 or any other information relevant to the determination of the timeliness of this petition.  Ford must provide both dates upon which post-conviction litigation was commenced by the proper filing of pleadings in the state courts and the dates upon which each state court post-conviction action ended, as well as any other dates relevant to the Court's timeliness determination.

        **SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: October 3, 2006

cc:   Scott Anthony Ford, *pro se*

---

as it would be procedural and not based on the merits of Ford's claims.  See Slack v. McDaniel, 529 U.S. 473 (2000).